UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA A. STEWART,

      Plaintiff,

                                      Hon. Paul L. Maloney

v.

                                       Case No. 2:25-cv-170

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for a closed period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff filed an application for SSI on March 31, 2022, alleging that she became disabled as of April 1, 2016, due to a learning disability, depression, daily migraines, and acid reflux. (PageID.28, 77.) Plaintiff was 37 years old at the time she filed her application. (PageID.76.) She had earned a high school diploma and had past work as a salesclerk in a deli. (PageID.41, 194–

2

95.) Plaintiff's applications were denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ).

On October 4, 2017, ALJ Arman Rouf held a telephone hearing at which Plaintiff and Michael Stern, an impartial vocational expert (VE), testified. (PageID.47–73.) At the hearing, Plaintiff requested that her alleged onset date be amended to the application date, March 31, 2022. (PageID.29.) On May 28, 2024, ALJ Rouf issued a written decision finding that Plaintiff was not disabled from the date of her application through the date of the decision. (PageID.28–42.) The Appeals Council denied Plaintiff's request for review on May 28, 2025. (PageID.15–17.) ALJ Rouf's decision thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on July 16, 2025.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since her application date of March 31, 2022, the ALJ found that Plaintiff suffered from severe impairments of cervical degenerative disc disease; migraines/headaches; obesity; left carpal tunnel syndrome; major depressive disorder; general anxiety disorder; post-traumatic stress disorder; and learning disorder. (PageID.31.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.31–33.)

---

must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

The ALJ then found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except:

> [T]he claimant can frequently balance, kneel, and crouch, occasionally climb ramps and stairs, stoop, and crawl, occasionally climb ladders, ropes, or scaffolds, occasionally reach overhead with the bilateral upper extremities, frequently push or pull with the left upper extremity, frequently handle, finger and feel with the left upper extremity, must avoid unprotected heights and dangerous moving machinery, and can tolerate lighting no brighter than in a typical office environment. In addition, the claimant can understand, remember and carry out simple instructions, maintain attention, concentration, persistence and pace for two-hour segments, use judgment to make simple work-related decisions, can deal with occasional changes in a routine work setting, and can occasionally interact with coworkers and never interact with the public.

(PageID.33–34.) At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work. (PageID.41.) At step five, the ALJ found that based on testimony from the VE, Plaintiff was able to perform a number of jobs, including merchandise marker, production assembler, and routing clerk, approximately 297,000 of which existed in the national economy. (PageID.41–42.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

## **DISCUSSION**

Plaintiff raises one issue in her appeal:

> The ALJ's RFC is contrary to law, as it does not reasonably account for the limiting effects of Plaintiff's migraines, which uncontestably occur *at least* 4 times a month – leading to off task time or absences from work that the vocational expert testified would prohibit the ability to work and thus, compel a finding of disability.

(ECF No. 9 at PageID.17 at PageID.744 (italics in original).)

Although Plaintiff complains of the RFC in general terms, her argument focuses on the ALJ's evaluation of her subjective symptoms. An ALJ evaluates a claimant's statements

5

concerning the intensity, persistence, and limiting effects of her symptoms of an alleged disability in accordance with SSR 16-3p. "While SSR 16-3p eliminated the use of the term 'credibility,' the regulatory analysis remains the same." *Karmol v. Comm'r of Soc. Sec.*, No. 1:17-cv-977, 2019 WL 1349485, at *3 (W.D. Mich. Mar. 26, 2019). An ALJ should consider the factors set forth in 20 C.F.R. § 416.929(c)(3) but "is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Comm'r of Soc. Sec.*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases). SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. The same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 171 (6th Cir. 2020) (noting that "[i]t is for the administrative law judge, not the reviewing court, to judge the consistency of a claimant's statements").

The Social Security Administration has issued specific guidance on the evaluation of a claimant's primary headache disorder that does not equal a listing:

> If a person's primary headache disorder, alone or in combination with another impairment(s), does not medically equal a listing at step three of the sequential evaluation process, we assess the person's residual functional capacity. We must consider and discuss the limiting effects of all impairments and any related symptoms when assessing a person's RFC. The RFC is the most a person can do despite his or her limitation(s).
>
> We consider the extent to which the person's impairment-related symptoms are consistent with the evidence in the record. For example, symptoms of a primary headache disorder, such as photophobia, may cause a person to have difficulty

6

sustaining attention and concentration. Consistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC.

SSR 19-4p, 2019 WL 4169635, at *7–8 (2019).

The ALJ discussed the evidence pertaining to treatment of Plaintiff's migraine headaches, including her March 29, 2022 emergency department treatment for a migraine lasting 24 hours that was similar to prior headaches that resolved spontaneously. The ALJ noted the neurological examination during that visit produced a Glascow Coma Scale of 15 and other largely normal findings. (PageID.35, 581.) He also cited Plaintiff's treatment with her primary care physician Dr. Kristi Olson M.D., who prescribed the medications sumatriptan and amitriptyline, reported normal neurological examination findings, and referred Plaintiff to neurologist nurse practitioner Tonia Kroll, N.P. (PageID.35, 671, 673.) At Plaintiff's March 2023 visit with Ms. Kroll, Plaintiff reported 15-30 stress-related headache days per month with associated symptoms. Ms. Kroll prescribed a medication regimen of Topamax and Nurtec. (PageID.35, 525, 527.) The ALJ noted improvement with this treatment, as in May 2023 Plaintiff reported that since starting Topamax, her migraines had decreased from 17-22 per month down to nine per month. (PageID.35, 667.) At her May 2023 neurology visit, Plaintiff reported that her headaches can last for hours but Nurtec usually aborts them if she takes it at the onset and does not wait too long. (PageID.622.) In October, Plaintiff reported two-to-five headaches since her last visit in June 2023, and her headache diary showed four headaches in July 2023, five headaches in August 2023 when she had more stress, and four headaches in September 2023. (PageID.616.) At her November 2023 appointment with Dr. Olson, Plaintiff reported five headaches in October 2023. (PageID.659.) In February 2024, however, Plaintiff reported nine headaches each month for the past two months but said that the pain improved with amitriptyline, sumatriptan, and topiramate. (PageID.655.)

Based on the foregoing evidence, the ALJ found as follows:

> In regard to migraines, the evidence reflects significant improvement with the medication regimen decreasing the claimant's average monthly migraines from more than 20 to as few as 4 migraines a month. Additionally, despite migraines, the claimant appears to remain active tending to her personal care[], caring for her children, attending her son's wrestling tournaments on weekends, and shopping in stores. Furthermore, the claimant's neurological examinations have remained in largely within normal limits. Accordingly, secondary to a history of migraine headaches, the claimant must avoid unprotected heights and dangerous moving machinery and can tolerate lighting no brighter than in a typical office environment.

(PageID.36.)

Plaintiff contends that remand is warranted because the ALJ failed to account for the intensity, frequency, or duration of her chronic headaches. More specifically, Plaintiff asserts that although the ALJ acknowledged that Plaintiff continues to experience a minimum of four headaches per month, he failed to include limitations for absenteeism and/or time off task opined by Dr. Olson—or explain why he did not include them—to account for Plaintiff's need to absent herself from activities for varying lengths of time while she is experiencing a headache episode. (ECF No. 9 at PageID.755–6.) Relatedly, Plaintiff contends that the ALJ erred in relying on her daily activities to discredit both her testimony and Dr. Olson's opinion because the ALJ ignored the fact, supported by her testimony, that Plaintiff cannot engage in these activities when suffering a migraine headache.  (*Id.* at PageID.757–58.)

Defendant responds that, in evaluating Plaintiff's subjective symptoms, the ALJ properly considered the pertinent factors set forth in 20 C.F.R. § 419.929(c)(3), including Plaintiff's improvement with medication that reduced the frequency of her migraines, generally normal neurological examination findings that remained unchanged during the relevant period, and her daily activities. (ECF No. 17 at PageID.781–82.) Defendant further notes that the ALJ accounted for Plaintiff's migraine-related symptoms in spite of normal objective findings by limiting Plaintiff from working at unprotected heights and around moving machinery and requiring the work setting to have lighting no brighter than a typical office environment. (*Id.* at PageID.782.) Defendant adds

that the ALJ did not err in considering Plaintiff's daily activities as one of several factors in evaluating Plaintiff's subjective symptoms. (*Id.* at PageID.782–83.) Finally, Defendant points out that the ALJ's RFC was supported by the prior administrative medical findings, which did not incorporate time-off-task or work absence limitations. (*Id.* at PageID.783–84.)

While the ALJ's RFC finding may well be supported by substantial evidence, the issue here is that the ALJ failed to sufficiently articulate his reasons for not including time-off-task or work-absence limitations due to migraines. The ALJ explained that the medication regimen Ms. Kroll had prescribed was effective in significantly decreasing the frequency of Plaintiff's migraines. (PageID.36.) However, he acknowledged that Plaintiff continues to experience at least four headaches per month but said nothing about the medication regimen's effect on the intensity or duration of her migraines, which may or may not have required additional, possibly work-preclusive, limitations. *See Charvat v. Comm'r of Soc. Sec. Admin.*, No. 1:22-CV-2121, 2023 WL 7473760, at *18 (N.D. Ohio Oct. 25, 2023), *adopted by* 2023 WL 7461844 (N.D. Ohio Nov. 9, 2023) (finding remand warranted because the ALJ's failure to address the limiting effects of the plaintiff's headaches prevented substantial evidence review); *Buckmaster v. Saul*, No. 1:18-cv-135, 2019 WL 4723802, at *3 (E.D. Tenn. Sept. 26, 2019) ("The RFC the ALJ has assigned to Plaintiff . . . seems to contemplate no absences caused by migraines. If the ALJ is taking the position that she will not have any more migraines, or that she can work through her migraines, or that she will have them so infrequently that absences caused by them will not affect her ability to engage in substantial gainful employment, the ALJ needs to explicitly say so and support his conclusion with substantial evidence."). Even if I could construct a rationale based on the medical evidence, that would be improper. *See Harvey v. Comm'r of Soc. Sec.*, No. 16-3266, 2017 WL 4216585, at *7 (6th Cir. Mar. 6, 2017) ("When an ALJ fails to make a determinative and necessary

9

finding of fact in a sequential step, a reviewing court should not fill that gap." (internal quotation marks omitted). Similarly, accepting appellate counsel's post hoc rationalization would be error. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not 'accept appellate counsel's post hoc rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'") (quoting *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991)). As for the ALJ's reliance on Plaintiff's daily activities, use of such evidence is not necessarily error so long as it is accurate, but further articulation on remand as discussed above may elucidate its materiality to the RFC finding. Thus, I conclude that the matter should be remanded to the Commissioner to fully address the limiting effects of Plaintiff's migraine headaches.

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings, as set forth above, pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: May 22, 2026                                    /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).